US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 12 2016

DOUGLAS F. YOUNG, Clerk
By
     Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | | **PLAINTIFF** |
| V. | **CASE NO.: 5:94-CR-50030** | |
| **REV. TOM BROWN** | | **DEFENDANT** |

## OPINION AND ORDER

On April 14, 2016, the Honorable Erin L. Setser, Magistrate Judge for the Western District of Arkansas, issued a Report and Recommendation ("R&R") (Doc. 258) concerning Defendant Rev. Tom Brown's Petition for Writ of Error Coram Nobis ("Petition") (Doc. 254) filed under the All Writs Act, 28 U.S.C. § 1651. The Magistrate Judge recommended denial of the Petition, and on May 23, 2016, Rev. Brown filed timely objections (Doc. 261) to the R&R. In light of these objections, the Court has undertaken a *de novo* review of the record, focusing in particular on the portions of the R&R to which specific objections have been made, in accordance with 28 U.S.C. § 636(b)(1)(C).

## I. BACKGROUND

On September 14, 1994, Rev. Brown was indicted on charges of manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1); manufacturing peyote, in violation of 21 U.S.C. § 841(a)(1); and using a forty-acre tract of land to facilitate the manufacturing process, thus subjecting the property to forfeiture under 21 U.S.C. § 853. (Doc. 18). Rev. Brown was convicted by a jury on all three counts (Doc. 86) and sentenced to 121 months imprisonment, four years supervised release, a $100 special assessment, and a

$17,500 fine. (Doc. 133).

Rev. Brown appealed his conviction, arguing, *inter alia*, that the District Court erred in restricting him from advancing any of his Religious Freedom Restoration Act ("RFRA") or First Amendment defenses at trial. *United States v. Brown*, 1995 WL 732803, *2 (8th Cir. Dec. 12, 1995). The Eighth Circuit rejected Rev. Brown's argument, noting that "[i]t is well established that religious conduct does not enjoy the absolute constitutional protection afforded freedom of religious belief" and that "the Government has a compelling interest in controlling the use of marijuana." *Id*. The Court further stated that, because of Rev. Brown's church's broad use, "the Government could not have tailored the restriction to accommodate [the Defendant's church] and still protect against the kinds of misuses it sought to prevent." *Id*. Thus, the Court concluded that "the district court correctly determined that Brown could not prevail under the RFRA or the First Amendment." *Id*.

Rev. Brown has since filed various motions seeking post-conviction relief, all of which have been denied. Most recently, he filed a petition in 2007 under 28 U.S.C. § 2241, the All Writs Act, and the RFRA ("2007 Petition") seeking to "Vacate the Conviction of a Factually Innocent Person." (Doc. 228). There, Rev. Brown argued that his conviction must be vacated due to the decision of the United States Supreme Court in *Gonzales v. O Centro Espirita Beneficent Uniao do Vegetal*, which recognized that there might be individualized exceptions under the RFRA that could override the Government's interest in uniform application of the Controlled Substances Act. 546 U.S. 418 (2006). Magistrate Judge James R. Marschewski recommended denying the petition and found that Rev. Brown was not entitled to relief under § 2241 because he

had completed his sentence and was no longer in custody or on supervised released. (Doc. 236).

Judge Marschewski likewise found that the Defendant was not entitled to *coram nobis* relief because "[a]lthough the Supreme Court recognized in *O Centro* that there might be individualized exceptions under the RFRA that could override the Government's interest in uniform application of the Controlled Substances Act under certain situations," Rev. Brown's situation falls exceedingly short of rising to such an exception because "[a]ll of the conduct for which Brown was convicted remains very much illegal even after *O Centro*." (Doc. 236). Judge Marschewski's Report and Recommendation was adopted in its entirety by the District Court (Doc. 241) and affirmed by the Eighth Circuit on appeal (Doc. 250).

On March 11, 2016, Rev. Brown filed the instant Petition for Writ of Error Coram Nobis under the All Writs Act, 28 U.S.C. § 1651 (Doc. 254), seeking to overturn his conviction on the grounds that he is a "factually innocent person." *Id*. Rev. Brown asserts that his original conviction, and the Eighth Circuit's affirmance of that conviction, relied on "overturned and irrelevant case precedent," which dictates that this Court vacate his conviction. *Id.* at p. 3.

## II. DISCUSSION

*Coram nobis* relief may lie under certain circumstances where a petitioner has completed his sentence and is no longer in federal custody. *See, e.g., United States v. Little*, 608 F.2d 296, 299 n.5 (8th Cir. 1979); *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (finding that *coram nobis* relief is available only when relief under 28 U.S.C. § 2255 is unavailable, which generally occurs when the petitioner has completely

served his sentence and is no longer "in custody" for the purposes of § 2255). The jurisdiction provided by a writ of error coram nobis is necessarily of limited scope.

Such a writ is an "extraordinary remedy," which should be granted "'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.'" *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996) (quoting *United States v. Morgan*, 346 U.S. 502, 511-12 (1954)). "Accordingly, a petitioner must show a compelling basis before *coram nobis* relief will be granted, and the movant 'must articulate the fundamental errors and compelling circumstances for relief in the application for *coram nobis*.'" *Id.* (citing *Morgan*, 346 U.S. at 511-12) (internal citations omitted).

Rev. Brown was released in April 1999 after serving 53 months in federal prison.[1] (Docs. 236, 240). Thus, *coram nobis* relief is available to Rev. Brown if he can show that it is necessary to correct an error of a fundamental nature and his circumstances are such that compel action to achieve justice. Here, he fails to make this showing because he presents no new arguments in either the Petition or his objections to the R&R that have not already been decided and affirmed on appeal. Rev. Brown once again seeks to vacate his conviction on the grounds that he is a "factually innocent person" just as he attempted to do in his 2007 Petition (Doc. 228), and he relies on *O Centro* to allege that his original conviction relied on "overturned and irrelevant case precedent." (Docs. 254, 261). This argument is the same one that was rejected by both the District Court and the Eight Circuit in 2007. (Docs. 241, 250). Accordingly, Rev.

---

[1] On December 5, 1995, Rev. Brown's sentenced was reduced to 60 months imprisonment, 4 years supervised release, a $100 special assessment, and a $17,500 fine due to a retroactive change in the Sentencing Guidelines. (Doc. 174).

Brown's objection is without merit and is overruled.

**IT IS THEREFORE ORDERED** that the Court **ADOPTS IN ITS ENTIRETY** the Magistrate Judge's R&R (Doc. 258) and **DENIES** Rev. Brown's Petition for Writ of Error Coram Nobis (Doc. 254).

**IT IS SO ORDERED** on this 12th day of August, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE